330 F.2d 65
 BROS INCORPORATED, Petitioner,
v.
T. Whitfield DAVIDSON, United States District Judge for the Northern District of Texas, Respondent.
BROS INCORPORATED, Plaintiff,
v.
W. E. GRACE MANUFACTURING COMPANY and William E. Grace, Defendants.
 No. 19672.
 No. 21012.
 United States Court of Appeals Fifth Circuit.
 March 30, 1964.
 
 Joseph H. Schley, Dallas, Tex., Andrew E. Carlsen, Minneapolis, Minn., for Bros Inc.
 Howard E. Moore, Dallas, Tex., Channing L. Richards, Charlotte, N. C., for W. E. Grace Mfg. Co. and William E. Grace.
 Before CAMERON, BROWN and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a petition for writ of mandamus or prohibition. By opinion dated July 3, 1963, this Court affirmed, as modified, a judgment awarding Bros, Inc., Patentee-Petitioner, damages for infringement of its patent. Bros, Inc. v. W. E. Grace Mfg. Co., 5 Cir., 1963, 320 F.2d 594. We also remanded for trial on its merits the Infringer's claim for F.R.Civ.P. 60(b) relief asserting the invalidity of the patent because of prior publication. As the remand was for a trial of the limited aspect of possible equitable relief from the judgment, our mandate provided that the District Court should not stay the execution of the judgment pending the determination of the 60(b) proceeding. However, we left to the Judge considerable discretion to formulate "such protective orders as * * * [it deemed] reasonably required to meet subsequent, extraordinary developments."
 
 
 2
 Upon remand, following pretrial hearing on October 18, 1963, the District Judge set the 60(b) proceeding for trial on December 16, 1963, and declined therefore to enter judgment for Patentee-Petitioner. On October 30, 1963, Patentee-Petitioner filed this petition for writ of mandamus or prohibition, alleging that the District Judge, by refusing to enter judgment for Patentee, had violated our mandate. As allowed by our Rule governing such matters, United States Court of Appeals, Fifth Circuit Rule 13a, by letter-order of November 5, 1963, we asked for a response. In this letter-order, we made it perfectly clear that until some action was taken on the petition for mandamus, we expected the discovery as well as the 60(b) trial to proceed with dispatch under the full control of the District Judge.[1] After the timely filing of responses and counter responses, we took the matter under submission.
 
 
 3
 This Court not having acted on the petition on December 16, 1963, the District Judge, as permitted by our letter-order of November 5 (see note 1, supra), held the 60(b) hearing. As a result of that hearing, the District Judge, on January 21, 1964, entered a judgment and opinion D.C., 227 F.Supp. 759 ordering the withdrawal of the former judgment and its reformation to declare the patent invalid because of prior publication. The effect of this, if ultimately sustained, is to obliterate the former judgment allowing substantial infringement damages.
 
 
 4
 In response to our later inquiries as to the action, if any, now to be taken in the light of this decisive development, both Patentee-Petitioner and Infringer-Respondent suggest that the issues raised by the petition for mandamus or prohibition are now moot, and that any question as to the correctness of the action of the District Judge in proceeding under 60(b) without having first entered a judgment affording the Patentee the fruits of his victory must be resolved on appeal from the 60(b) determination. However, these contentions demonstrate that in a very real sense, the underlying issue is not moot. According to the Petitioner, the District Judge did not follow the mandate of this Court. This Court has not yet passed on the correctness of that contention. If it is not considered here, it will have to be determined in the appeal from the 60(b) proceeding.
 
 
 5
 As we previously indicated, the District Judge was allowed considerable discretion by our mandate.[2] As a result of the extensive hearing on October 18, 1963, the District Judge determined that conditions were then such that the best "protective order" was one setting the case for trial at the early date then fixed.
 
 
 6
 Under the circumstances of this case, we cannot say that this was an abuse of the discretion expressly given under the terms of our mandate. Moreover, by reason of our letter-order of November 5 and an absence of any ruling by us on the application for mandamus, etc., the District Judge doubtless felt reassured that the course he had chosen was a permissible one.
 
 
 7
 Consequently, we deny the relief requested. In so doing, we hold that it was permissible for the District Judge to proceed with the 60(b) hearing when and as he did. We thereby hold also that it was not error for the Judge to proceed without first entering the money judgment. These holdings are, of course, not to be taken as in any sense indications of approval of the action of the District Judge in granting the 60(b) relief. That decision is for another appeal before another panel and another day.
 
 
 8
 Denied.
 
 
 
 Notes:
 
 
 [1]
 "The parties should fully understand that the pendency of the application for mandamus is not to interfere with or interrupt pre-trial discovery or other activities or the hearing on the equitable matters now scheduled to commence December 16, 1963. * * *
 "* * *.
 "[T]he Court is also of the strong view that the matters for further hearing are sufficiently outlined in the opinion of July 3, 1963, and that the parties should proceed in the utmost good faith toward an early, expeditious and final trial of such matters.
 "So that there is no misunderstanding about the matter, the Court wishes to make clear that until it takes action on the application for mandamus * * * the case remains in the district court, for the entry of such orders as the district court thinks necessary, consistent with the opinion of July 3, 1963, and mandate thereon."
 
 
 [2]
 Bros, Inc. v. W. E. Grace Mfg. Co., 5 Cir., 1963, 320 F.2d 594, 610, n. 38, provides:
 "[By] establishing * * * [that a stay of the money judgment is not required] we do not mean to foreclose such protective orders as the Court in its considered discretion deems reasonably required to meet subsequent, extraordinary developments."